ROBERT AGRESTA, ESQ.   (RA0218)
ANTHONY K. MODAFFERI, III, ESQ.
**THE AGRESTA FIRM, P.C.**
THE BENZEL-BUSCH BUILDING
24 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 399-6888
*Attorneys for Defendants*
*MHA, LLC and NJMHMC LLC*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PF2 EIS LLC,<br><br>*Plaintiff / Counterclaim Defendant ,*<br><br>v.<br><br>MHA LLC and NJMHMC LLC d/b/a HUDSON REGIONAL HOSPITAL,<br><br>*Defendants* | Case Number: 2:21-CV-03673-SDW-LDW<br><br><br>**ANSWER, THIRD PARTY COMPLAINT, AFFIRMATIVE DEFENSES AND CROSSCLAIMS** |
| MHA LLC f/k/a Meadowlands Hospital Medical Center,<br>    *Third-Party Plaintiff / Counterclaimant,*<br><br>v.<br><br>ALLSCRIPTS HEALTHCARE, LLC, CHANGE HEALTHCARE TECHNOLOGIES, LLC f/k/a MCKESSON TECHNOLOGIES, INC., ABC Corporations 1-100 and JOHN DOES 1-100,<br><br>    *Third-Party Defendants.* | |

1

**Defendant's Reply to Plaintiff's Complaint**

Defendants, MHA, LLC d/b/a Meadowlands Hospital Medical Center, Meadowlands Hospital Medical Center ("MHA") and NJMHMC LLC d/b/a HUDSON REGIONAL HOSPITAL ("NJMHMC") (collectively "Defendants") with their principal place of business located at 55 Meadowlands Parkway, Secaucus, New Jersey, which transacted business in Hudson County, New Jersey, by way of Answer against Plaintiff PF2 EIS, LLC state:

**PARTIES**

1.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 1 of the Plaintiff's Complaint.

2.     Defendants deny the allegations contained in ¶ 2 of the Plaintiff's Complaint.

3.     Defendants deny the allegations contained in ¶ 3 of the Plaintiff's Complaint.

4.     Defendants deny the allegations contained in ¶ 4 of the Plaintiff's Complaint except admits that MHA and NJMHMC are New Jersey limited liability companies.

5.     Defendants deny the allegations contained in ¶ 5 of the Plaintiff's Complaint except admits that MHA and NJMHMC are New Jersey limited liability companies.

6.     Defendants deny the allegations contained in ¶ 6 of the Plaintiff's Complaint.

7.     Defendants deny the allegations contained in ¶ 7 of the Plaintiff's Complaint except admits that MHA and NJMHMC are New Jersey limited liability companies.

2

8.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 8 of the Plaintiff's Complaint.

**FACTUAL ALLEGATIONS**

9.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 9 of the Plaintiff's Complaint.

10.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 10 of the Plaintiff's Complaint.

11.     Defendants deny the allegations contained in ¶ 11 of the Plaintiff's Complaint.

12.     Defendants deny the allegations contained in ¶ 12 of the Plaintiff's Complaint.

13.     Defendants deny the allegations contained in ¶ 13 of the Plaintiff's Complaint.

14.     Defendants deny the allegations contained in ¶ 14 of the Plaintiff's Complaint.

15.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 15 of the Plaintiff's Complaint.

16.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 16 of the Plaintiff's Complaint.

17.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 17 of the Plaintiff's Complaint.

3

18.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 18 of the Plaintiff's Complaint.

19.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 19 of the Plaintiff's Complaint.

20.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 20 of the Plaintiff's Complaint.

21.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 21 of the Plaintiff's Complaint.

22.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 22 of the Plaintiff's Complaint.

23.     Defendants are without knowledge and information sufficient to form a belief as to the truth of the allegations contained in ¶ 23 of the Plaintiff's Complaint.

24.     Defendants deny the allegations contained in ¶ 24 of the Plaintiff's Complaint.

25.     Defendants deny the allegations contained in ¶ 25 of the Plaintiff's Complaint.

26.     Defendants deny the allegations contained in ¶ 26 of the Plaintiff's Complaint.

27.     Defendants deny the allegations contained in ¶ 27 of the Plaintiff's Complaint.

28.     Defendants deny the allegations contained in ¶ 2 of the Plaintiff's Complaint.

4

29.   Defendants deny the allegations contained in ¶ 29 of the Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

30.   Defendants incorporate and reassert their Answers to ¶ 1 through ¶ 29 to the Plaintiff's Complaint as and for their answer to ¶ 30 of the First Count of Plaintiff's Complaint.

31.   Defendants deny the allegations contained in ¶ 31 of the First Count Plaintiff's Complaint.

32.   Defendants deny the allegations contained in ¶ 32 of the First Count Plaintiff's Complaint.

33.   Defendants deny the allegations contained in ¶ 33 of the First Count Plaintiff's Complaint.

34.   Defendants deny the allegations contained in ¶ 34 of the First Count Plaintiff's Complaint.

35.   Defendants deny the allegations contained in ¶ 35 of the First Count Plaintiff's Complaint.

36.   Defendants deny the allegations contained in ¶ 36 of the First Count Plaintiff's Complaint.

37.   Defendants deny the allegations contained in ¶ 37 of the First Count Plaintiff's Complaint.

38.   Defendants deny the allegations contained in ¶ 38 of the First Count Plaintiff's Complaint.

39.    Defendants deny the allegations contained in ¶ 39 of the First Count Plaintiff's Complaint.

40.    Defendants deny the allegations contained in ¶ 40 of the First Count Plaintiff's Complaint.

## SECOND COUNT

41.    Defendants incorporate and reassert their Answers to ¶ 1 through ¶ 40 of the Plaintiff's Complaint as and for their answer to ¶ 41 of the Second Count of Plaintiff's Complaint.

42.    Defendants deny the allegations contained in ¶ 42 of the Second Count Plaintiff's Complaint.

43.    Defendants deny the allegations contained in ¶ 43 of the Second Count Plaintiff's Complaint.

44.    Defendants deny the allegations contained in ¶ 44 of the Second Count Plaintiff's Complaint.

45.    Defendants deny the allegations contained in ¶ 45 of the Second Count Plaintiff's Complaint.

46.    Defendants deny the allegations contained in ¶ 46 of the Second Count Plaintiff's Complaint.

47.    Defendants deny the allegations contained in ¶ 47 of the Second Count Plaintiff's Complaint.

48.    Defendants deny the allegations contained in ¶ 48 of the Second Count Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES AND RESERVATION OF RIGHTS

1.      Plaintiff lacks standing to maintain this lawsuit and/or is not a real party in interest and as such Plaintiff's Complaint must be demised.

2.      The Complaint fails to state a claim against the Defendants upon which relief may be granted and Defendants specifically reserve the right to make an application to dismiss this action for failure to state a claim.

3.      The causes of action set forth in the complaint were released as part of a general release incorporated into a settlement agreement between the parties and their predecessors, successors and assigns.

4.      The causes of action set forth in the complaint are barred by the Statute of Limitations.

5.      The causes of action set forth in the complaint are barred by the doctrine of Laches.

6.      The causes of action set forth in the complaint are barred by the Uniform Commercial Code.

7.      Plaintiff's claims are barred by application of the Estoppel Doctrine.

8.      Plaintiff's claims are barred by application of the Doctrine of Waiver.

9.      Plaintiff's claims are barred by application of the Doctrine of Unclean Hands.

10.     Plaintiff's action is barred by application of the Doctrine of Laches.

7

11.    The actions of the Defendant were in accord with applicable laws and regulations.

12.    Plaintiff's claims are barred by Misrepresentation.

13.    Plaintiff's claims are barred by Fraud.

14.    The Plaintiff's failure to join parties indispensable to the proper adjudication of this matter bars plaintiffs claim.

15.    Defendants deny liability for any claimed damages.

16.    Defendants are not liable to plaintiff for the amount claimed in the Complaint.

17.    Plaintiff has failed to mitigate the claimed damages and as such Plaintiff's claims are barred.

18.    Plaintiff has failed to comply with applicable governing laws and regulations and as such Plaintiff's claims are barred.

19.    At all times Defendants acted lawfully.

20.    Defendants do not owe a duty to Plaintiff.

21.    The Doctrine of Bad Faith bars Plaintiff's claims.

22.    Plaintiff has breached its master services contract with the Defendants and as such Plaintiff's claims are barred.

23.    Plaintiff has breached the Settlement Agreement with the Defendants and as such Plaintiff's claims are barred.

8

24.     Plaintiff has breached the Cooperation Agreement with the Defendants and as such Plaintiff's claims are barred.

25.     Plaintiff breached the implied covenant of good faith and fair dealing included in its contracts with the Defendants including both the services agreements between the parties as well as the Settlement Agreement and Cooperation Agreement.

26.     The damages complained of in the Complaint are not the responsibility of the Defendants.

27.     The Plaintiff's claims are barred because of the Entire Controversy Doctrine.

28.     Plaintiff has violated its duty of fair dealing and as such Plaintiff's claims are barred and Plaintiff's Complaint must be dismissed.

29.     Plaintiff's claims against the Defendants are frivolous and without merit and the Defendants reserve the right to assert claims against the Plaintiff and the Plaintiff's counsel for this frivolous Complaint, and attorney fees and costs of suit.

30.     The amount claimed by the Plaintiff in the Complaint is excessive, unreasonable and unconscionable and as such Plaintiff's claims are barred.

31.     Plaintiff's claims are against public policy and violate state law and as such Plaintiff's claims are barred.

32.     Plaintiff is not entitled to equitable relief inasmuch as it has been guilty of inequitable conduct and has failed to come into equity with clean hands and as such Plaintiff's claims are barred.

9

33.    Defendants contest the amount Plaintiff claims is due.

34.    The Plaintiff's claims are barred because any alleged loss to the Plaintiff was caused by its own negligence, or the negligence of third parties over which the Defendants have no control.

35.    The Plaintiff's claims are barred because Plaintiff's predecessor in interest breached the Express Warranties contained in the agreements between Plaintiff's predecessor in interest and Defendants.

36.    The Plaintiff's claims are barred because Plaintiff's predecessor in interest breached the Implied Warranties contained in the agreements between Plaintiff's predecessor in interest and Defendants.

37.    The Plaintiff's claims are barred because Plaintiff failed to provide any notice of assignment of its contracts with Defendants prior-to or subsequent-to accepting their assignment.

**WHEREFORE** Defendants demand judgment in their favor and seeks the dismissal of Plaintiff's claims with prejudice, costs of suit and such other relief, as the Court deems equitable and just.

## COUNTERCLAIM AND THIRD-PARTY COMPLAINT

MHA, LLC f/k/a Meadowlands Hospital Medical Center, ("MHA") by way of Counterclaim and Third-Party Complaint against third-party defendant, Change Healthcare Technologies, LLC f/k/a McKesson Technologies, Inc. ("Change"), Allscripts Healthcare,

10

LLC ("Allscripts") counterclaim defendant PF2 EIS, LLC ("PF2") and ABC Corporations 1-100 and John Does 1-100), says:

**<u>INTRODUCTION</u>**

1.     MHA, LLC f/k/a Meadowlands Hospital Medical Center ("MHA") was a general acute care hospital in Secaucus, New Jersey.

2.     Allscripts Healthcare, LLC ("Allscripts") is a Georgia Limited Liability Company authorized to do business in the State of New Jersey.

3.     Change Healthcare Technologies, LLC, formerly known as McKesson Technologies, Inc, ("Change") is a Georgia Limited Liability Company authorized to do business in the State of New Jersey.

4.     PF2 EIS, LLC ("PF2") is a Georgia Limited Liability Company authorized to do business in the State of New Jersey.

5.     On November 14, 2017, MHA filed a litigation in the Superior Court of New Jersey, Law Division against McKesson Technologies, Inc. alleging Breach of Implied Warranty, New Jersey Consumer Fraud Act, Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing (the "2017 Litigation").

6.     The basis of the 2017 Litigation centered on defective billing and revenue cycle management software produced, marketed and sold by McKesson Technologies, Inc. (now known as Change Healthcare, LLC) and subject to numerous sales and support agreements between McKesson Technologies, Inc. and MHA, LLC.

7. Due to defects in the software, the lawsuit alleged breach of express and implied warranty, violations of the Consumer Fraud Act, Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing.

8. Change filed an answer in the 2017 Litigation denying the allegations of the complaint.

9. All contract claims asserted in the 2017 Litigation, involved the same contract which is the subject of the present litigation.

10. Change's attorney certified in the answer to the 2017 Litigation that "Because all liabilities implicated in the Complaint have been assigned and transferred to PF2 EIS LLC, which was subsequently acquired by Allscripts Healthcare, LLC., PF2 EIS LLC and/or Allscripts Healthcare, LLC. Should be joined in this action pursuant to R. 4:28 or are subject to joinder pursuant to R. 4:29-1(v) because of potential liability on the basis of the same transactional facts."

11. Change claimed but never established in the 2017 Litigation that PF2 EIS LLC was duly assigned the specific contracts at issue between MHA and Allscripts Healthcare, LLC.

12. At no time did Change or Allscripts ever provided MHA with any notice that the specific contracts at issue between MHA and Allscripts Healthcare, LLC had been assigned.

13. Before MHA would agree to settling its claims, a Confidential Cooperation Agreement (the "Cooperation Agreement") was negotiated and entered between MHA, LLC and Allscripts (PF2's parent company), which required Allscripts and PF2 to cooperate with

MHA and provide technical data and information about the data storage and retrieval of information from the defective software system. A redacted copy of the Cooperation Agreement is incorporated by reference and attached hereto as Exhibit "A."

14. Upon execution of the Cooperation Agreement, the 2017 Litigation was settled pursuant to a Confidential Settlement Agreement and Mutual Release Agreement (the "Settlement Agreement"). A redacted copy of the Settlement Agreement executed June 10, 2019 is attached hereto as Exhibit "B."

15. PF2 has filed the instant action against MHA.

16. Central to the instant action is an allegation of breach of contract relating to the very same master agreement, the "MA", that was at issue in the Underlying Litigation and resolved by way of the Settlement Agreement.

17. By letter dated April 16, 2021, PF2 admitted that it was aware of the prior litigation and decided not to assert any purported claims it may have had in the underlying litigation.

18. Allscripts participated and signed off on the Settlement Agreement and general release, which was expressly made binding on Change's *past, present and future successors and assigns*, including PF2.

19. MHA insisted that as the purported assignee of the software, that PF2 participate and enter a Cooperation Agreement which incorporated by reference the terms of the final Settlement Agreement and served as part of the valuable consideration for the underlying settlement.

13

20.     The terms of the Settlement Agreement and the Cooperation Agreement were reviewed and approved by PF2's counsel and executed on June 7, 2019 prior to McKesson executing the Settlement Agreement on June 10, 2019, after which the case was dismissed and a stipulation of dismissal duly filed on June 11, 2019.

**COUNT ONE**
**(Indemnification)**

21.     MHA hereby incorporates all facts and allegations set forth in this Third-Party Complaint and Counterclaim as if fully set forth at length herein.

22.     It is black letter law that a "principal is bound by the acts of the agent within the apparent authority which he knowingly permits the agent to assume or which he holds the agent out to the public as possessing." *Alicea v. New Brunswick Theological Seminary*, 244 N.J. Super. 119, 128 (App. Div. 1990).

23.     In entering into the final Settlement Agreement, Change held itself out as the agent of PF2 when it entered into the Settlement Agreement on behalf of all ***past, present and future*** successors and assigns.

24.     PF2 and Allscripts' counsel reviewed and approved the terms of the Settlement Agreement and the Cooperation agreement and never raised the issue that it had a claim against MHA of any kind.

25.     MHA relied upon Change's language in the release granting MHA a full release, on behalf of all Change-related entities, which was reviewed and approved by PF2's counsel.

14

26.     MHA was damaged because of PF2's and Allscripts' approval of the Settlement Agreement and the authority that PF2 and Allscripts gave to Change to enter into the Settlement Agreement and a release on PF2's behalf.

27.     MHA was damaged in an amount to be determined at trial.

**COUNT TWO**
**(Breach of Contract)**

28.     MHA hereby incorporates all facts and allegations set forth in this Third-Party Complaint and Counterclaim as if fully set forth at length herein.

29.     To allege a breach of contract, a plaintiff must plead "(1) a valid contract, (2) breach of that contract, and (3) damages resulting from that breach." *AT&T Credit Corp. v. Zurich Data Corp.*, 37 F. Supp. 2d 367, 370 (D.N.J. 1999).

30.     MHA justifiably relied upon Change's authority to enter into the Settlement Agreement with MHA on behalf of PF2 and accordingly a valid contract exists between PF2 (as Change's past, present or future successor or assign) and MHA.

31.     In permitting PF2 to file a litigation against MHA, Change breached the terms of the Settlement Agreement which included Mutual Releases of each of the parties' "past and present or future . . . successors, and assigns . . . from all claims, actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law, admiralty or equity, on contract or quasi-contract, on federal, state, local, statutory or common law, or any other law, rule or regulation, whether known or unknown, whether vested or contingent, whether asserted or

15

unasserted, whether hidden or concealed, whether accrued or unaccrued, and at issue or brought in the Litigation and/or relating to, arising out of, or whatsoever involving the contracts and/or claims (including, without limitation, all equitable, statutory, common law, implied or express warranty claims) identified, raised or at issue in the Litigation, with the sole exception being an action to enforce this Agreement."

32.    MHA was damaged in an amount to be determined at trial.

## COUNT THREE
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

33.    MHA hereby incorporates all facts and allegations set forth in this Third-Party Complaint and Counterclaim as if fully set forth at length herein.

34.    The Settlement Agreement and Cooperation Agreement imposed upon Change, PF2 and Allscripts a duty of good faith and fair dealing.

35.    PF2's, Allscripts and Change's conduct was and is unreasonable by any standard, undertaken in bad faith in violation of the covenant of good faith and fair dealing implied in the Settlement Agreement and Cooperation Agreement, and has no legitimate business purpose.

36.    MHA was damaged in an amount to be determined at trial.

## COUNT FOUR
### (Unlawful Interference with Contract & Prospective Economic Advantage )

37.    MHA hereby incorporates all facts and allegations set forth in this Third-Party Complaint and Counterclaim as if fully set forth at length herein.

38.    MHA had a reasonable and justifiable expectation that it was resolving all claims between it and PF2, Allscripts and Change as part of the final Settlement Agreement and Cooperation Agreement.

39.    PF2 deliberately interfered with MHA's contract and prospective economic advantage enjoyed by MHA as part of its negotiated settlement with Change with which PF2 and Allscripts participated with the engagement of counsel and knowingly allowed Change to execute a release on PF2 and Change's behalf.

40.    Accordingly, PF2 was aware of the existence of a reasonable expectation of economic advantage between MHA, Change, PF2 and Allscripts.

41.    PF2 wrongfully and without justification interfered with MHA's expectation of economic advantage or benefit by filing this litigation and interfering with the bargain that PF2 and Allscripts expressly participated in and sanctioned.

42.    In the absence of PF2's conduct in failing to apprise MHA of any claim which PF2 had against it or to otherwise raise such claim, which was motivated by its attempts to, *inter alia*, induce MHA into buying what it believed was a final resolution amongst the parties, it is reasonably probable that MHA would have realized the economic advantage and benefit of damages in the underlying litigation and/or would have enjoyed the benefit of its bargain and no further litigation of the matter.

43.    MHA was damaged in an amount to be determined at trial.

17

## COUNT FIVE
### (Fraudulent Inducement)

44.    By failing to represent to MHA that PF2 or Allscripts had a claim against MHA of any kind while simultaneously reviewing and approving a settlement agreement which bound PF2 and Allscripts as successors and assigns of Change, PF2 and Allscripts permitted a misrepresentation by Change and material omission of fact.

45.    Change, PF2 and Allscripts knew that the misrepresentation was false.

46.    PF2 and Allscripts intentionally permitted the misrepresentation to induce MHA into entering into the Settlement Agreement and Cooperation Agreement and releasing its substantive claims in the underlying litigation against Change, PF2 and Allscripts.

47.    MHA relied upon Change, PF2 and Allscripts misrepresentation of Change's authority and omission of any claim by PF2 or Allscripts against MHA which evidently existed at the time of the Settlement Agreement.

48.    MHA was damaged as a result of Change, PF2 and Allscripts' conduct in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Third-Party/Counterclaim Plaintiff prays Judgment against the Third-Party/Counterclaim Defendants, as follows:

A.    Indemnification of any amounts awarded to PF2 which were released by Change as part of the Settlement Agreement and Cooperation Agreement; and

18

B.      Recission of the Settlement Agreement and Cooperation Agreement and reinstatement of MHA's claims against Change, PF2 and Allscripts in the 2017 Litigation;

C.      Compensatory, consequential and punitive damages as allowable by law in an amount to be established at trial;

D.      Reasonable attorneys fees; and

E.      Such other and further relief as the Court shall deem just.

## JURY DEMAND

MHA demands trial by jury.

## DESIGNATION OF TRIAL COUNSEL

Anthony K. Modafferi, III, Esq., is hereby designated as trial counsel.

19

## <u>CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2 AND</u> <u>CERTIFICATION OF SERVICE</u>

Pursuant to Local Civil Rule 11.2, the Defendant, by their attorneys, The Agresta Firm, P.C., states that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding to the best of our knowledge or belief.  Defendant further certifies that this pleading was served within the time period allowed under the rules and appropriate court orders.

*/s/ Robert A. Agresta*
Robert A. Agresta, Esq. (RA0218)
**THE AGRESTA FIRM, P.C.**
24 Grand Avenue
Englewood, New Jersey 07631
(201) 399-6888
robert.agresta@agrestalaw.com
*Attorneys for MHA, LLC and NJMHMC, LLC*

Dated:  July 28, 2022

20

EXHIBIT "A"

**CONFIDENTIAL COOPERATION AGREEMENT**

REDACTED

REDACTED









**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement.

**MHA, LLC:**

        **MHA, LLC**

        By:_____
           Richard Lipsky, MD
           Managing Member

        Date: _____

**ALLSCRIPTS HEALTHCARE, LLC:**

        **Allscripts Healthcare, LLC**

        By: *Elliott S. Bryant*_____
           Elliott S. Bryant - SVP
        Date: June 7, 2019_____

5

DocuSign Envelope ID: B90EC349-EEBD-4456-B2E1-2FD18A08BA7E



REDACTED

REDACTED

EXHIBIT "B"

**CONFIDENTIAL SETTLEMENT AGREEMENT WITH MUTUAL RELEASES**











REDACTED

6